JEW


FILED IN OPEN COURT
ON 7/23/08
Dennis P. Iavarone, Clerk
US District Court
Eastern District of NC

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:08 cr 68-1F
NO. 7:08 cr 68-2F
NO. 7:08 cr 68-3F
NO. 7:08 cr 68-4F
NO. 7:08 cr 68-5F

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | INDICTMENT |
| | ) | |
| AHMED MOHAMMED SHAWAKHA | ) | |
| AUDLEY VINCENT ARNOLD | ) | |
| DWIGHT RODNEY ARNOLD | ) | |
| GARY T. DOBSON | ) | |
| DERMOT D. SPENCE | ) | |
| | ) | |
| | ) | |

The Grand Jury charges that:

COUNT ONE

Beginning in or about March 2008 and continuing up to and including on or about June 16, 2008, in the Eastern District of North Carolina, AHMED MOHAMMED SHAWAKHA, AUDLEY VINCENT ARNOLD, DWIGHT RODNEY ARNOLD, GARY T. DOBSON and DERMOT D. SPENCE the defendants herein, did knowingly and intentionally conspire, confederate and agree with each other and with other persons both known and unknown to the Grand Jury to knowingly, intentionally and unlawfully distribute and possess with the intent to

1

distribute more than one hundred (100) kilograms of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1). All in violation of Title 18, United States Code, Section 846.

## COUNT TWO

On or about June 12, 2008, in the Eastern District of North Carolina, AUDLEY VINCENT ARNOLD, DWIGHT RODNEY ARNOLD, GARY T. DOBSON and DERMOT D. SPENCE, the defendants herein, aiding and abetting each other, did knowingly, intentionally and unlawfully distribute and possess with the intent to distribute more than one hundred (100) kilograms of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

## NOTICE OF PRIOR CONVICTION

For purposes of Title 21, United States Code, Section 841(b) and 851, DWIGHT RODNEY ARNOLD, a defendant herein, committed the violations alleged in Counts One and Two after one prior conviction for a felony drug offense, as defined in Title 21, United States Code, Section 802 (22) had become final.

## FORFEITURE NOTICE

The defendants are given notice of the provisions of 21 United States Code, Section 853, that all of their interest in all property specified herein is subject to forfeiture.

As a result of the foregoing offenses in Counts One and Two of the indictment, the defendant shall forfeit to the United States any and all property constituting, or derived from, any proceeds the defendant obtained directly or indirectly as a result of the said offenses and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offenses alleged in Counts One and Two of the indictment and any property, real or personal, involved in such offenses, or any property traceable to such property.

If any of the above-described forfeitable property, as a result of any act or omission of the defendant,

    (1) cannot be located upon the exercise of due diligence;

    (2) has been transferred or sold to, or deposited with, a third person;

    (3) has been placed beyond the jurisdiction of the court;

    (4) has been substantially diminished in value; or

    (5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.



GEORGE E. B. HOLDING
United States Attorney

BY: JENNIFER E. WELLS
Assistant United States Attorney